PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline. The salient facts of the case are as follows.
On October 19, 1973, Mrs. Martha Anne Dixon retained Respondent, Jules R. Israel, a member of The Florida Bar, as her counsel after being advised by Albion Realty Company that they were about to initiate mortgage foreclosure proceedings against her. Mrs. Dixon was three payments behind on her mortgage at that time. At the October 19, 1973, meeting with Respondent Mrs. Dixon executed an agreement whereby Respondent agreed to advance $855.64 to either Mrs. Dixon or to her mortgage company to bring her mortgage payments up to date. As part of the agreement Mrs. Dixon signed over to Respondent a quitclaim deed for her property as security for Respondent’s fees and advances. As part of the agreement Mrs. Dixon agreed to pay Respondent $200 per month, the balance above her $158 per month mortgage payment to be applied to attorney’s fees and to the funds Respondent advanced to bring her mortgage payment up to date. Respondent brought Mrs. Dixon’s mortgage payments current and continued making her monthly payments thereafter.
During early 1974 Mrs. Dixon became delinquent in her payments to Respondent. On May 29, 1974, Respondent recorded the quitclaim deed Mrs. Dixon gave him. On September 20, 1974, Respondent filed a complaint in ejectment against Mrs. Dixon demanding she vacate the property she deeded over to Respondent as security. Respondent filed an action in ejectment against Mrs. Dixon despite the fact he knew or should have known that a quitclaim deed held as security for funds advanced is a mortgage and the proper procedure to be followed is a foreclosure suit.
On May 13, 1975, by direction of its Board of Governors, The Florida Bar filed a complaint against Respondent alleging violation of the Disciplinary Rules of the Code of Professional Responsibility.
Respondent admitted that he violated Disciplinary Rule 5-104(A) to the extent that he entered into a business transaction *13 with a client when they had differing interests therein. Respondent tendered this Conditional Guilty Plea for a public reprimand in exchange for the dismissal of all other charges pending against him in this proceeding.
The Petition for Approval of Conditional Guilty Plea is granted and Respondent, Jules R. Israel, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of Two Hundred Thirteen Dollars and Seventy-Five Cents ($213.75) are hereby taxed against Respondent.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON and HATCHETT, JJ., concur.